UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ARIELL BROWN, as Assignee
of Everglades Prepatory Academy, Inc.,          CASE NO. _____
and DEBORAH ARCHER, as Assignee
of Everglades Prepatory Academy, Inc.,

      Plaintiffs,

vs.

PHILADELPHIA INDEMNITY
INSURANCE COMPANY and
PHILADELPHIA INSURANCE
COMPANY, d/b/a THE PHILADELPHIA
INSURANCE COMPANIES,

      Defendants.

_____/

## DEFENDANT PHILADELPHIA INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant Philadelphia Indemnity Insurance Company ("PIIC"), by and through its counsel, hereby removes the above-entitled action filed by plaintiffs in the Palm Beach County Circuit Court in and for the State of Florida, Case No. 502011CA006699XXXXMB AI, to this court pursuant to 28 U.S.C. § 1441. Co-defendant Philadelphia Insurance Company consents to this removal. In support of this removal, PIIC respectfully alleges as follows:

1.    Jurisdiction of this action is founded upon 28 U.S.C. §§ 1332, 1441(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.    On or about May 5, 2011, plaintiffs filed a complaint in Palm Beach County Circuit

Court entitled *Ariell Brown et al. v. Philadelphia Indemnity Insurance Company*, Case No. 502011CA006699XXXXMB AI, alleging a breach of contract cause of action. Specifically, plaintiffs, as alleged assignees of Everglades Preparatory Academy ("Everglades"), claim that one or both defendants breached a duty to defend and indemnify under a policy of insurance (the "Policy") issued to Everglades by PIIC.

    3.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b). The summons and complaint were served on PIIC on May 16, 2011. Attached hereto as "Exhibit 1" are true and correct copies of the summons and complaint, which constitute all pleadings, processes, and orders received by PIIC in this matter.

    4.    PIIC has not filed an answer or otherwise responded to the complaint, and no proceedings have been had in the state court. Co-defendant Philadelphia Insurance Company consents to the removal of this action. *See* "Exhibit 2."

    5.    This action is a civil action over which this court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this court by PIIC pursuant to the provisions of 28 U.S.C. § 1441(a), in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

    6.    Plaintiffs are a citizens and residents of the State of Florida. *See* Complaint ¶¶ 2-3.

    7.    Although the complaint does not identify the citizenship of PIIC or Philadelphia Insurance Company, this Notice of Removal corrects any technical impediment by identifying the citizenship of defendants. *Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 296 (S.D. Fla. 1992) (defendant seeking to remove action based on diversity can supply elements to establish jurisdiction in its removal papers); *see also Wright v. Continental Cas. Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla.

1978).  PIIC and Philadelphia Insurance Company are both incorporated in the Commonwealth of Pennsylvania and are therefore citizens of Pennsylvania.  In addition, both PIIC and Philadelphia Insurance Company maintain their headquarters in Bala Cynwyd, Pennsylvania, where its high level corporate officers direct and control its corporate affairs, and are therefore citizens of Pennsylvania.

8.      In the complaint, plaintiffs reference a *Coblentz* agreement between plaintiffs and Everglades, in which Everglades agreed to entry of a $500,000 judgment against Everglades in plaintiffs' action against Everglades and in which Everglades assigned to plaintiffs the rights, title and interest of Everglades under the Policy.  *See* Complaint, ¶¶ 12-16 and Exhibit C; *Steil v. Fla. Physicians' Ins. Reciprocal*, 448 So.2d 589 (Fla. 2d DCA 1984) (discussing *Coblentz* agreements).  As alleged assignees of Everglades, plaintiffs seek all damages caused by PIIC's alleged breach of its duty to defend and indemnify Everglades under the Policy, and assert that this alleged breach caused Everglades to agree to the entry of the $500,000 judgment against it.  *See* Complaint ¶¶ 15, 21-22, and Wherefore clause.  In short, plaintiffs seeks to recover the $500,000 consent judgment -- which plaintiffs assert is reasonable and was in good faith -- from PIIC.  *See id.* ¶¶ 16-17; *Steil*, 448 So.2d at 592.  Thus, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9.      Written notice of the filing of this Notice of Removal will be provided to plaintiffs pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, defendant Philadelphia Indemnity Insurance Company gives notice that the above-entitled action, now pending against it in the Palm Beach County Circuit Court in and for the State of Florida, has been removed therefrom to this Court on the ground of diversity of citizenship.

Respectfully submitted this 6th day of June, 2011,

> s/ Valerie Shea
> VALERIE SHEA
> Florida Bar No. 436800
> E-mail:  valerie.shea@sedgwicklaw.com
> Sedgwick LLP
> 2400 East Commercial Boulevard
> Suite 1100
> Fort Lauderdale, FL  33308
> Telephone:    (954) 958-2500
> Facsimile:    (954) 958-2513
>
> ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** service of a true copy of this document on this 6th day of June, 2011, by electronic filing and the CM/ECF system, which will send notice to the attorneys listed on the service list below.

> s/Valerie Shea
> Valerie Shea

## **SERVICE LIST**

Wil H. Florin, Esq.
Florin Roebig, P.A.
Attorneys for Plaintiffs
777 Alderman Rd.
Palm Harbor, FL  34683
(727) 786-5000 telephone
(727) 772-9833 facsimile
whf@florinroebig.com

00875-011372\7